IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO


Civil Action Number: 1:23-cv-03105

ACUITY, A MUTUAL INSURANCE COMPANY


Plaintiff,

v.

KINSALE CAPITAL GROUP, INC., a Delaware Corporation, and; KINSALE INSURANCE
COMPANY

Defendant.

---

### ACUITY MUTUAL INSURANCE COMPANY'S  MOTION TO RESTRICT ACCESS PURSUANT TO D.C.COLO.LCivR 7.2(c)

---

Plaintiff Acuity, A Mutual Insurance Company ("Acuity"), by and through its attorneys,

Zupkus & Angell P.C., requests entry of an order pursuant to D.C.COLO.LCivR 7.2(c), limiting

public access to the Court's file for this matter and restricting full access thereto to the parties

and their counsel. In support thereof, Plaintiff Acuity states as follows:

#### D.C.COLO.LCivR 7.1(a) CERTIFICATION

Undersigned counsel has conferred with the Defendant's attorney, Amy Samberg of Clyde

& Co US LLP, concerning the relief sought herein and can affirm that Defendant does not oppose

the same.

1

## FACTUAL INTRODUCTION

1.      In this civil action, Plaintiff and Defendant are joint insurers and co-indemnitors of a mutual insured pursuant to commercial general liability insurance policies issued by each of them.

2.      Their insured, nonparty Monarch Stucco, Inc. ("Monarch"), was sued in an arbitration action and tendered its defense and indemnity to both of the parties to this matter. Monarch tendered its claim for defense and indemnity to both parties. The suit against Monarch was subsequently settled, but a dispute persists between the parties to this case as to the proper allocation of risk between them concerning insurance indemnity obligations related to the underlying settlement.

3.      Concordantly, Plaintiff's Complaint and Jury Demand ("Complaint") seeks declaratory relief and damages, alleging that Defendant failed to uphold its contractual indemnity, common law, and statutory obligations concerning these events.

4.      The underlying lawsuit against the joint insured was resolved pursuant to a Confidential Settlement Agreement and Mutual Release (the "Settlement Agreement") entered into on September 28, 2023. The Settlement Agreement contains a confidentiality provision that precludes the parties thereto from disclosing (1) its terms and conditions; and (2) the negotiations that led to its formation and execution (collectively, the "Protected Information").

5.      However, public access to the Court's file for this matter, including initial pleadings, other filings, and documents produced in discovery which are cited or attached as exhibits to such filings, will implicate the confidentiality provisions of the Settlement Agreement. Such public disclosure of certain protected information will violate the terms of the

Settlement Agreement's confidentiality provision. Acuity therefore requests that the Court enter an Order restricting access to such protected information as detailed herein.

## AUTHORITY AND ARGUMENT

6.      Federal courts recognize a common law presumption in favor of public access to court documents, which is based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The presumption in favor of public access is "not absolute," and is overcome where "countervailing interests outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

7.      D.C.COLO.LCivR 7.2(c) provides relief for parties positioned as the Plaintiff and Defendant are in this matter. Under the Rule, a motion seeking to restrict access to documents filed with the Court must:

    a.   Identify the document or the proceeding for which the restriction is sought;

    b.   Address the interest to be protected and explain why it outweighs the presumption of public access[1];

    c.   Identify a clearly defined and serious injury that would result if access is not restricted;

---

[1] Stipulations between parties and stipulated protective orders regarding discovery, alone, are insufficient to justify restriction of access to a court's file.

3

d.  Explain why no alternative to restriction is practicable or why only restriction will

adequately protect the interest in question (*e.g.*, redaction, summarization, restricted

access to exhibits or portions of exhibits); and

e.  Identify the level of restriction sought.

D.C.COLO.LCivR. 7.2(c). The presumption in favor of public access is "not absolute," but is

overcome when "countervailing interests outweigh the public interests in access." *Mann v.*

*Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Here, the identified privacy interests protected

by the confidentiality provision of the Settlement Agreement clearly outweigh the public interest

for multiple reasons.

8.      First, the documents sought to be protected are limited; Plaintiff does not seek to

foreclose public access to the entire case file. Consistent with the authorities above, Acuity

requests only that the Court limit access to unredacted copies of documents which contain

Protected Information. As noted above, that information is limited to the terms and conditions of

the Settlement Agreement; and the negotiations that preceded the formation and execution of the

Settlement Agreement. Concordantly, Acuity requests that, for each document filed under

restricted access, the Court direct the parties to file an appropriately redacted copy of the same,

for purposes of public access to the non-Protected Information contained in any such document.

9.      Second, the public holds no interest in the terms of the Settlement Agreement or

the negotiations that produced it. The underlying litigation was comprised exclusively of private

litigants. No governmental agencies, representatives, or acts were implicated. No public project

or public funds were implicated. The parties' dispute was purely commercial.

4

10.     Conversely, a strong public interest exists in the protection of the signing parties' privacy interests in the Protected Information. As commercial entities, the parties to the Settlement Agreement have a right to lawfully conduct their businesses in a matter each of them judges best, and to do so largely privately, particularly as concerns the resolution of any legal disputes. Likewise, the insurance carriers with whom those parties entered into indemnity contracts have contractual rights which empower them to settle any claims against their insureds which are tendered. Thus, this matter also invokes the carriers' privacy interests in maintaining the confidentiality of the terms of certain settlements which they are willing to fund, and maintaining that confidentiality plays a key role in reducing the expenses incurred by the public to procure insurance – a form a risk-spreading long-endorsed by public policy.

11.     Such issues implicate the express concern of the Colorado Legislature that insurance remain affordable and accessible to businesses and individuals in the State. C.R.S. § 10-1-101 (expressing public policy "that insurance rates shall not be excessive, inadequate, or unfairly discriminatory, to give consumers thereof the greatest choice of policies at the most reasonable cost possible, to permit and encourage open competition between insurers on a sound financial basis[.]").

12.     Furthermore, for the parties to the Settlement Agreement, maintaining the confidentiality of the Protected Information upholds the long-recognized and axiomatic freedom to contract, without causing harm to other parties or any governmental interest. Accordingly, the protection of the above rights and interests substantially outweighs any conceivable public interest in the Protected Information, and more than overcomes the general presumption of public access.

13.     Third, if access to the Protected Information is not restricted, the parties to the Settlement Agreement would suffer serious injury, principally in the form of the violation of their privacy rights and freedom to contract, as their private business dealings would be made public and the bargained for terms of their contract would be invalidated – principally, the term of confidentiality, which forms a portion of the consideration given in exchange for the entry of the other signing parties into that contract. Had they known that the Protected Information might be disclosed to the public, the settling parties might never have even engaged in settlement discussions, let alone entered a written contract, the disclosure of which terms would reveal not just private business decisions, but would without question be used by competitors and, in many cases, future legal opponents, to reverse engineer those parties' (and their insurance carriers') predispositions toward risk management, litigation, and alternative dispute resolution. This valuable information would provide business competitors and opposing parties in litigation alike a competitive and/or legal negotiation advantage, causing further serious harm to the signing parties.

14.     Fourth, because the relief sought by Acuity is reasonable and appropriately tailored in order to meet the needs of the confidentiality provision without going any further than necessary to do so, no alternative to the restriction on access will adequately protect the interest in question. Under the requested Order, the public will retain access to all information filed with the Court concerning which the signing parties have no special interest or rights that would be violated by public disclosure. By requiring the redaction of Protected Information from filings made without any restriction, the Court can ensure that appropriate public access is maintained. Because this Motion seeks exactly and only the bare minimum of Court intervention necessary

to comply with the scope of the applicable confidentiality provision, no alternative to it can adequately protect the confidentiality interests at stake (at least not without unduly hindering public access).

15.     Fifth, Acuity seeks an appropriate and reasonably tailored level of restriction, and asks that the Court permit and direct the parties to file documents as follows:

- For documents containing Protected Information, the parties shall file into the record a public version, redacting only the Protected Information, and shall contemporaneously file an unredacted version under Level 1 restriction, pursuant to D.C.COLO.LCivR 7.2(b).

- For all other documents, the parties shall file into the record a public version as would normally be done, pursuant to applicable authority.

16.     For these reasons, access to filings that contain Protected Information should be limited to the Court and the parties. Consistent with the relief sought herein and pursuant to D.C.COLO.LCivR 7.2(e), Plaintiff is filing the unredacted Complaint in this matter as a restricted document, contemporaneously with a redacted copy of the same for standard, public access.

WHEREFORE, Plaintiff Acuity respectfully requests that the Court grant its Motion and restrict access to documents filing in this matter as detailed herein and permitting the parties to file redacted copies of documents containing Protected Information, to be kept under restriction by the Court; and unredacted copies of the same, to be available only to the Court and the parties permanently or until further order of the Court, and for such other and further relief as the Court deems proper and just.

Respectfully submitted this 21st day of November 2023.

/s/  Steven E. Phillips

Steven E. Phillips, # 36133
Kira N. Adams, #52606
ZUPKUS & ANGELL, P.C.
789 Sherman Street, Suite 500
Denver, CO  80203
Telephone: (303) 894-8948
Facsimile: (303) 894-0104
sphillips@zalaw.com
kadams@zalaw.com
**Attorneys for Plaintiff** Acuity, A Mutual
Insurance Company